UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEW MEXICO

In re:

PHILLIP LASTRA,

    Debtor.                                                                                               No. 7-12-10560 TA

PHILLIP LASTRA,

    Plaintiff,

v.                                                                                                                             Adv. No. 12-1188 T

UNITED STATES OF AMERICA,
DEPARTMENT OF THE TREASURY,
INTERNAL REVENUE SERVICE,

    Defendant.

## MEMORANDUM OPINION

To decide the parties' cross motions for summary judgment, the Court must parse Bankruptcy Code provisions on the dischargeability of certain federal income taxes, together with a Tax Code provision relating to taxpayer hearing rights, and determine if Plaintiff's 2007 income taxes were discharged. The Court concludes they were not.

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b) and 157(b)(2)(I). The Court has considered the briefs and supporting papers of the parties and has made an independent inquiry into applicable law. Being sufficiently advised, the Court denies Plaintiff's motion for summary judgment and grants Defendant's motion, for the reasons set forth below.

# I. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56, made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. B.A.P. 1997).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). *See also Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1539 (10th Cir.1993) ("[T]he nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."); *Otteson v. United States,* 622 F.2d 516, 519 (10th Cir.1980) (Once a properly supported summary judgment motion is made, the opposing party must

respond with specific facts showing the existence of a genuine factual issue to be tried); *Lazaron v. Lucas (In re Lucas)*, 386 B.R. 332, 335 (Bankr. D.N.M. 2008) (same).

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A mere "scintilla" of evidence will not avoid summary judgment. *Vitkus,* 11 F.3d at 1539. Rather, there must be sufficient evidence on which the fact finder could reasonably find for the nonmoving party. *See Anderson,* 477 U.S. at 251; *Vitkus,* 11 F.3d at 1539. "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson,* 477 U.S. at 249. Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

## II. FACTS

The following facts are not in material dispute:

1. Plaintiff filed his 2007 federal income tax return on or about October 15, 2008, the extended due date.

2. Taxes of $78,108.42 (the "2007 Taxes") were assessed after the return was filed.[1]

3. On September 22, 2009, Plaintiff filed with the Internal Revenue Service ("IRS") a Form 12153 Request for A Collection Due Process Hearing (a "CDP" hearing request).

4. Plaintiff's CDP hearing request was finally determined on March 19, 2010.

5. Plaintiff filed the above-captioned Chapter 7 case on February 17, 2012.

6. The Court entered an order discharging Plaintiff from all dischargeable debts on June 14, 2012.[2]

### III. DISCUSSION

A. <u>The 2007 Taxes Were Not Discharged Under § 507(a)(8)(A)(i)</u>.

The discharge order entered in this case discharged all of Plaintiff's debts except for certain debts listed in 11 U.S.C. § 523(a). The exceptions to discharge identified in § 523(a) include any debt "for a tax … of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed." 11 U.S.C. § 523(a)(1)(A). Section 507(a)(3) does not apply in this case,[3] so the Court is concerned only with § 507(a)(8) taxes.

---

[1] Apparently the current amount at issue is substantially less than $78,108.42. *See* Defendant's response to Plaintiff's Motion for Summary Judgment, p. 4. The Court makes no determination of the current balance of 2007 Taxes due.
[2] The case was transferred to the Honorable David T. Thuma on December 21, 2012.
[3] Section 507(a)(3) claims are "unsecured claims allowed under 502(f) of this title." 11 U.S.C. § 507(a)(3). Section 502(f) applies to involuntary cases.

-4-

Section 507(a)(8) refers to allowed unsecured claims of governmental units, including taxing authorities, to the extent the claims are for:

> (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition—
>
>> (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
>>
>> (ii) assessed within 240 days before the date of the filing of the petition, exclusive of—
>>
>>> (I) any time during which an offer in compromise with respect to that tax was pending or in effect during that 240-day period, plus 30 days; and
>>>
>>> (II) any time during which a stay of proceedings against collections was in effect in a prior case under this title during that 240-day period, plus 90 days; or
>>
>> (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

The Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") amended Section § 507(a)(8) to include an unnumbered paragraph[4] that provides in relevant part:

> An otherwise applicable time period specified in this paragraph shall be suspended for any period during which a governmental unit is prohibited under applicable nonbankruptcy law from collecting a tax as a result of a request by the debtor for a hearing and an appeal of any collection action taken or proposed against the debtor, plus 90 days . . . .

---

[4] The paragraph is referred to in the cited cases as the "unnumbered paragraph," the "flush paragraph," the "suspension paragraph," and the "hanging paragraph." The Court will use "hanging paragraph."

The hanging paragraph was added to codify the United States Supreme Court's decision in *Young v. United States*, 535 U.S. 43, 48-50 (2002), which held that the three-year "lookback" period in § 507(a)(8) is subject to equitable tolling principles when a taxing authority is prevented from collecting taxes for a period of time. *Kolve*, 459 B.R. at 379.

There is no dispute Plaintiff's bankruptcy case was filed more than three years after his 2007 tax return was last due, including extensions.[5] Absent any tolling of the three-year lookback period, the 2007 Taxes would have been discharged. Thus, the issue raised in this proceeding is whether Plaintiff's CDP hearing request tolled the three-year lookback period long enough to render his otherwise dischargeable 2007 Taxes nondischargeable.

To determine whether Defendant was prohibited from collecting the 2007 Taxes as a result of the CDP hearing request, thereby tolling the three-year lookback period under the hanging paragraph, the Court must examine the applicable provisions of the Internal Revenue Code ("IRC"). As part of the Internal Revenue Service Restructuring and Reform Act of 1998, taxpayers were given the right to request a CDP hearing before the IRS can levy on their property. IRC § 6330(a). IRC § 6330 sets forth in some detail what matters can be heard at such a hearing, when the hearing is to take place, who will preside at the hearing, and similar matters. During the pendency of a CDP investigation, the IRS is prohibited from pursuing any levy actions which are the subject of the requested hearing. 26 U.S.C. § 6330(e).[6] However, the IRS may continue to pursue non-levy collection actions

---

[5] The 2007 tax return was due on October 15, 2008. Plaintiff filed his bankruptcy petition on February 17, 2012.
[6] Section 6330(e) provides, in relevant part:

"such as initiating judicial proceedings to collect the tax shown on the CDP Notice or offsetting overpayments from other periods, or of other taxes, against the tax shown on the CDP Notice." 26 C.F.R. § 301.6330-1(g)(2), Q&A-D3.

The hanging paragraph does not make clear whether Defendant must be prohibited from <u>all</u> collection activities, or just <u>some</u> collection activities, before the three-year lookback period is tolled. When a statutory term is ambiguous, the Court should examine the legislative history to determine and give effect to Congress's intent. *Branson School Dist. RE-82 v. Romer*, 161 F.3d 619, 637 (10th Cir. 1998). The legislative history associated with the hanging paragraph shows clearly that Congress intended the paragraph to apply to CDP hearing requests. The hanging paragraph was added to "include[] tolling provisions to adjust for the collection due process rights by provided by the Internal Revenue Service Restructuring and Reform Act of 1998." Public Law 109-8, 119 Stat. 126 (2005). The Court therefore is satisfied that Congress intended to toll the three year lookback period if a taxpayer filed a CDP hearing request and later filed for bankruptcy relief.

This interpretation of 11 U.S.C. § 507(a)(8) is consistent with the case law and practice materials. *See Console v. C.I.R.,* 291 Fed. Appx. 234 (11th Cir. 2008) ("A CDP hearing request prohibits the IRS from collecting tax by levy from the time the request is

---

In general.**--**Except as provided in paragraph (2), if a hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 (relating to collection after assessment), section 6531 (relating to criminal prosecutions), or section 6532 (relating to other suits) shall be suspended for the period during which such hearing, and appeals therein, are pending. In no event shall any such period expire before the 90th day after the day on which there is a final determination in such hearing.
26 U.S.C. § 6330(e)(1).

filed until appeals from the hearing are resolved, 26 U.S.C. §6330(e), and is therefore a tolling event under 11 U.S.C. §507(a)(8)'s flush paragraph"); *In re Abir*, 2010 WL 421124, *3 (Bankr. E.D.N.Y. 2010) (CDP hearing request tolled the three-year lookback period); Fed. Tax Coordinator, ¶ V-7368.5 (2d.) ("the [three-year lookback] period [is] suspended to reflect the Collection Due Process "CDP" hearing provisions"); Boelter, Representing the Bankrupt Taxpayer, § 10:12, note 5 and accompanying text (same).[7]

Plaintiff filed his CDP hearing request on September 22, 2009; the request was finally determined on March 19, 2010. The three-year lookback period therefore was tolled for 178 days (*i.e.* from September 22, 2009 to March 19, 2010). To this figure 90 days must be added,[8] for a total of 268 days. Three years and 268 days after October 15, 2008 (the date the 2007 tax return was due) is July 10, 2012. Thus, Plaintiff would have had to file his bankruptcy case after July 10, 2012 to discharge the 2007 Taxes under § 507(a)(8)(A)(i). Instead, Plaintiff filed his case on February 17, 2012, nearly five months too soon for this purpose. Plaintiff's 2007 Taxes therefore were not discharged.

---

[7] *See also In re Jones*, 420 B.R. 506 (9th Cir. B.A.P. 2009) (general discussion of the hanging paragraph); *In re Montgomery*, 446 B.R. 475, 480 (Bankr. D. Kan. 2011) (same); *Staso v. United States*, 538 F. Supp. 2d 1335 (D. Kan. 2008) ("generally speaking, the levy that is the subject of the CDP Hearing is suspended while administrative and judicial proceedings are pending"); *In re Tarby*, 2012 WL 1390201, *2 (Bankr. D.N.J. 2012); (general discussion); *In re Kolve*, 459 B.R. at 379 (same).

[8] *See* 11 U.S.C. § 507(a)(8) (hanging paragraph) ("An otherwise applicable time period specified in this paragraph shall be suspended for any period during [which a hearing request is pending] …, plus 90 days").

B.  The Court Need Not Decide Whether the 2007 Taxes Were Discharged Under § 507(a)(8)(A)(ii) and/or (iii).

Section 507(a)(8)(A)'s three subparts are written in the disjunctive. *See In re Hosack*, 282 Fed. Appx. 309, 315 (5th Cir. 2008) (Section 507(a)(8)(A) is structured disjunctively; it accords priority status to unpaid federal income taxes falling into any one of the three subparts); *In re Wood,* 78 B.R. 316, 319 (Bankr. M.D. Fla. 1987) (same).[9] Therefore, since the 2007 Taxes are nondischargeable under § 507(a)(8)(A)(i), there is no need to determine whether they are dischargeable under § 507(a)(8)(A)(ii) and/or § 507(a)(8)(A)(iii). Plaintiff argued in his motion that the tolling provision in the hanging paragraph did not prevent the 2007 Taxes from being dischargeable under § 507(a)(8)(A)(ii) because the 240-day lookback period in that subsection had run before Plaintiff filed his CDP hearing request. Plaintiff may well be correct, but the Court need not address the argument for the reasons set forth above.

---

[9] As the *Hosack* court points out, it is not possible for the same tax liabilities to fit within both §507(a)(8)(A)(ii) and (A)(iii). 282 Fed. Appx. at 315. This demonstrates that the subparts can only be read in the disjunctive. *See also In re Fein*, 22 F.3d 631, 632-33 (5th Cir. 1994) (taxes not discharged because they fell within (A)(iii), although not (A)(ii)); *Young v. United States*, 535 U.S. at 49 (describing §§ 523(a)(1)(A) and (a)(1)(B)(ii) as complimentary); *Severo v. C.I.R.*, 586 F.3d 1213 (9th Cir. 2009) (same, citing *Young*).

-9-

IV.     CONCLUSION

The Court will grant Defendant's Motion and deny Plaintiff's Motion.  This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law under Fed.R.Bankr.P. 7052.  An appropriate judgment will be entered.

_____
Hon. David T. Thuma,
United States Bankruptcy Judge

Entered on the docket: December 21, 2012.

Copy to:

Louis Puccini
P.O. Box 50700
Albuquerque, NM 87181

Manuel Lucero
P.O. Box 607
Albuquerque, NM 87103